Per Curiam.

We will direct our attention to the alleged error that the trial court abused its discretion when the judge requested counsel for the plaintiff to tell him, off the record, the terms of the insurance policy and of the release.
The cause was tried to the court without a jury. Although there may be more latitude given counsel in a trial to the court without a jury, such a trial does not dispense with the ordinary *290 rules of evidence or trial procedure. Whether a case is tried to the court or a jury, it is fundamental that the facts must be established in an orderly and legal manner by means of testimony and witnesses under oath, with the right of cross-examination, and, where a record is being made, such testimony must be made a part of the record.
It is just as prejudicial for a court acting as trier of the facts to consider incompetent evidence as,for a jury. Stoltz v. Carroll, Admx., 99 Ohio St., 289, 124 N. E., 226.
In view of the fact that the comments of the plaintiff’s attorney were off the record, we have no way of determining what such evidence was or the weight which may have been given it by the trial judge. Such evidence may have been determinative of the issues. Clearly, under such circumstances and in such a trial, the judge commits prejudicial error by directing counsel to tell him, off the record, facts which may determine the issues in the case. Consequently, this cause must be sent back for a retrial.
Although it is true that it is not the duty of an attorney to try his opponent’s lawsuit, neither is a trial a quiz contest with the judge as the contestant. It is the duty of both counsel to a lawsuit to see that sufficient competent evidence is presented to enable the court to determine the issues. A trial is not a contest between lawyers but a presentation of facts to which the law máy be applied to resolve the issues between the parties and to determine their rights. The failure of counsel in the present cause to introduce into evidence the release and the insurance policy here involved made it virtually impossible not only for the trial court but also for the reviewing court to determine the legal issues.
Inasmuch as the judgment is being reversed and the cause remanded for a new trial, it is unnecessary for us to consider the other errors assigned.
The judgment is reversed, and the cause is remanded for a new trial.

Judgment reversed.

Weygandt, C. J., Taft, Matthias, Bell, Doyle and 0 ’Neill, JJ., concur.
Doyle, J., of the Ninth Appellate District, sitting by designation in the place and stead of Herbert, J.